## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## NORTHERN DIVISION

| | |
|---|---|
| **KEON WILLIAMS,** | |
| **Plaintiff,** | |
| **v.** | **Civil Case No. 1:25-cv-3720** |
| **MCCORMICK & COMPANY, INC.,** | |
| **Defendant.** | |

### DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendant, McCormick & Company, Inc. ("Defendant" or "McCormick"), by and through its undersigned counsel, submits this Answer in response to the First Amended Complaint (the "Amended Complaint") filed by Plaintiff Keon Williams ("Plaintiff" or "Williams"), and says as follows.

### FIRST DEFENSE[1]

Plaintiff's Amended Complaint fails to state a claim for which relief may be granted.

### SECOND DEFENSE

Plaintiff's claims and the claims of any individuals on whose behalf Plaintiff seeks to assert a claim are barred, in whole or in part, because litigating the state law claims as pleaded would abridge substantive rights conferred by federal law and violate the Rules Enabling Act.

---

[1] By pleading any matter as a defense, Defendant does not concede that it bears the burden of proof with regard to such matter; Defendant denies that it bears the burden of proof.

## THIRD DEFENSE

Plaintiff's claims and the claims of any individuals on whose behalf Plaintiff seeks to assert a claim are barred, in whole or in part, by the doctrine of waiver.

## FOURTH DEFENSE

Plaintiff's claims and the claims of any individuals on whose behalf Plaintiff seeks to assert a claim are barred, in whole or in part, by the doctrine of estoppel, including to the extent that their claimed damages were caused, in whole or in part, by their failure to follow their employer's policies or their failure to record their alleged work time at the time the purported work was allegedly performed.

## FIFTH DEFENSE

Plaintiff's claims and the claims of any individuals on whose behalf Plaintiff seeks to assert a claim are barred to the extent that they are seeking compensation for time which is non-compensable and/or non-working time.

## SIXTH DEFENSE

Plaintiff, Keon Williams, is not representative of other employees and is not qualified or competent to represent a class or FLSA collective.

## SEVENTH DEFENSE

Plaintiff's claims and the claims of any individuals on whose behalf Plaintiff seeks to assert a claim are barred, in whole or in part, by the doctrine of *in pari delicto*.

## **EIGHTH DEFENSE**

Plaintiff may not maintain this action as a collective action, pursuant to 29 U.S.C. § 216(b), or as a class action, because Plaintiff is not similarly situated to any other individual with respect to the allegations and claims made in this lawsuit.

## **NINTH DEFENSE**

Plaintiff's claims and the claims of any other person on whose behalf Plaintiff seeks to assert a claim are barred in whole or in part by the applicable statutes of limitations and/or other periods of limitations.

## **TENTH DEFENSE**

Plaintiff's and putative class and collective members' claims are barred, in whole or in part, because they failed to demand payment.

## **ELEVENTH DEFENSE**

The type of claims for which Plaintiff purports to bring a collective and class action are matters on which individual issues predominate and are not appropriate for a collective or class action.

## **TWELFTH DEFENSE**

Plaintiff's claims and the claims of any other person on whose behalf Plaintiff seeks to assert a claim under the Fair Labor Standards Act ("FLSA") are barred, in whole or in part, because they cannot establish that any acts or omissions that allegedly violated the FLSA were willful.

### THIRTEENTH DEFENSE

Plaintiff's claims and the claims of any other person on whose behalf Plaintiff seeks to assert a claim under the FLSA are barred to the extent that Defendant's actions were taken in good faith, in conformity with, and in reliance upon established rulings, administrative regulations and interpretations of the FLSA, within the meaning of 29 U.S.C. § 259.

### FOURTEENTH DEFENSE

Plaintiff's claims and the claims of any other person on whose behalf Plaintiff seeks to assert a claim under the FLSA are barred because Defendant's actions were done in good faith and based upon reasonable grounds for believing that such actions were not in violation of the FLSA, within the meaning of 29 U.S.C. § 260.  Thus, even if a violation of the FLSA is found, neither Plaintiff nor any other person on whose behalf Plaintiff seeks to assert a claim under the FLSA is entitled to liquidated damages under the FLSA.

### FIFTEENTH DEFENSE

Even if the allegations contained in Plaintiff's Amended Complaint are true (which they are not), to the extent that the time for which Plaintiff alleges that he or any person on whose behalf he seeks to assert a claim involve only insubstantial or insignificant periods of time, these periods of time are "*de minimis*" and are not compensable under the FLSA or the Maryland Wage & Hour Law ("MWHL"), and do not trigger the beginning or end of compensable time.

### SIXTEENTH DEFENSE

Plaintiff's claims under the FLSA and MWHL are barred by application of the doctrine of payment.  Plaintiff and all individuals on whose behalf Plaintiff seeks to assert a claim have been paid all wages due.

4

**SEVENTEENTH DEFENSE**

An award of penalties under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendant's due process and other rights under the United States Constitution and/or the Maryland Constitution and Declaration of Rights.

**EIGHTEENTH DEFENSE**

The state law claims asserted in the Amended Complaint cannot be certified as a class action under Rule 23 as the determination of liability for each employee would be highly individualized and would predominate over any trial, trial of the case as a class action would not be superior to trials of individual claims, and Plaintiff cannot establish a common, unlawful practice applicable to the putative class.

**NINETEENTH DEFENSE**

Plaintiff's and putative class and collective members' claims for uncompensated work time are barred to the extent that Defendant did not have knowledge that any such work was performed.

**TWENTIETH DEFENSE**

Plaintiff's and putative class and collective members' claims for damages are barred in whole or in part by exclusions, exceptions, credits or offsets permissible under the FLSA and MWHL, including, but not limited to, credits under 29 U.S.C. § 207(h) and for paid meal periods.

**TWENTY-FIRST DEFENSE**

There is no potential liability with respect to any work week in which the employee did not actually work more than forty hours.

## TWENTY-SECOND DEFENSE

Claims by or on behalf of any bargaining unit employee covered by a collective bargaining agreement are barred by Section 203(o) of the FLSA and the applicable collective bargaining agreement.

## TWENTY-THIRD DEFENSE

Certain of the putative class and collective action members' claims are barred in whole or in part because said claims have been released by the individuals in question.

## TWENTY-FOURTH DEFENSE

The claims asserted in the Amended Complaint on behalf of putative class and collective members are preempted and barred by the Labor Management Relations Act ("LMRA") with regard to any employee covered by a collective bargaining agreement.

## TWENTY-FIFTH DEFENSE

The state law claims of Plaintiff and putative class and collective members are preempted and barred by other federal laws, including by the FLSA.

## TWENTY-SIXTH DEFENSE

Plaintiff's attempts to pursue claims in this lawsuit as a class and collective action violate Defendant's state and federal constitutional due process and jury trial rights.

## TWENTY-SEVENTH DEFENSE

Plaintiff and putative class and collective members were entitled to compensation only for time actually spent working; preliminary and post-liminary activities are not compensable working time.

## TWENTY-EIGHTH DEFENSE

The Amended Complaint fails to identify with sufficient particularity any class or group that Plaintiff seeks to represent in this action.

## TWENTY-NINTH DEFENSE

Plaintiff's and putative class and collective members' claims are barred to the extent they worked any unreported hours in violation of Defendant's policies and/or concealed facts from Defendant.

## THIRTIETH DEFENSE

Plaintiffs' claims and/or the claims of other purported members of the alleged class and collective action are offset by any amounts owed to Defendant, including but not limited to overpayments or other forms of unjust enrichment.

## THIRTY-FIRST DEFENSE

If Plaintiff or any putative class or collective members sustained any damages, although this is not admitted and is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all obligations of Plaintiff and any putative class or collective members owed to Defendant against any judgment that may be entered.

## THIRTY-SECOND DEFENSE

Plaintiff's and putative class and collective members' claims for prejudgment interest are barred because prejudgment interest is not recoverable under applicable law.

## THIRTY-THIRD DEFENSE

The claims, including any claims for treble damages and/or attorney's fees should be

denied because any act or omission allegedly giving rise to Plaintiff's or any putative class or collective members' claims was made as a result of a bona fide dispute, and Defendant had reasonable grounds and a good faith basis to believe that its acts or omissions did not violate federal or Maryland law.

## THIRTY-FOURTH DEFENSE

To the extent that Plaintiff and/or other putative class or collective members were paid compensation beyond that to which they were entitled, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid overtime or other monetary relief.

## THIRTY-FIFTH DEFENSE

Plaintiff and the individuals on whose behalf Plaintiff seeks to assert a claim are estopped from pursuing the claims set forth in the Amended Complaint by reason of their own acts, omissions, and course of conduct, including, but not limited to, their failure to accurately record, report, and verify their time as required by Defendant.

## THIRTY-SIXTH DEFENSE

Plaintiff's and putative class and collective members' claims are barred, in whole or part, by the doctrines of accord and satisfaction, waiver, and release.

## THIRTY-SEVENTH DEFENSE

To the extent that Plaintiff's and/or putative class or collective members' alleged damages were caused, in whole or in part, by their failure to follow Defendant's policies and their failure to record their additional alleged working time at the time the purported work was allegedly performed, their claims are barred by the doctrine of avoidable consequences.

## THIRTY-EIGHTH DEFENSE

Plaintiff's claims and putative class and collective members' claims are barred to the extent that they seek compensation for activities that are non-compensable under the Portal-to-Portal Act, 29 U.S.C. § 254(a), and thus under state law, as preliminary and postliminary activities to their principal activities which they are employed to perform.

## THIRTY-NINTH DEFENSE

Plaintiff's claims and putative class and collective members' claims for compensation are barred to the extent they seek to assert claims for time spent donning and doffing any protective gear or clothing which they are permitted to don and doff at home or otherwise away from the workplace.

## FORTIETH DEFENSE

To the extent Plaintiff claims that each employee must be paid based on the times each individual first touches or first dons any protective equipment to the time each individual last touches or last doffs any protective equipment, such a claim precludes certification of a class action under Rule 23 as the determination of liability for each employee would be highly individualized and would predominate over any trial.  In addition, trial of the case as a class action would not be superior to trials of individual claims.

## FORTY-FIRST DEFENSE

Although Plaintiff is not similarly situated to other individuals, and this action may not proceed as a class or collective action, Defendant reserves the right to assert any of the above defenses and any other defenses as to any individual who files a consent to join in this action, or any putative class and collective action member.

9

**FORTY-SECOND DEFENSE**

By asserting the First through Forty-First Defenses herein, Defendant does not concede that any of the matters covered by the numbered Defenses is to be proven by Defendant, and Defendant reserves its position that Plaintiff retains the burden of proof on all matters necessary to state the claims asserted in the Amended Complaint and to establish any alleged damages.

Subject to and without waiving the foregoing defenses, Defendant further responds to the specific allegations contained in the numbered paragraphs of the First Amended Complaint. For convenience only, and not to be construed as any admission, Defendant uses the headings used by Plaintiff in the First Amended Complaint.

**INTRODUCTION**

1. It is admitted that the Amended Complaint purports to assert a collective action claim under the Fair Labor Standards Act ("FLSA"), but Defendant denies the case can proceed as a collective action and denies that Plaintiff has any valid or viable claim under the FLSA or any other law. Except as otherwise stated, the allegations in Paragraph 1 of the Amended Complaint are denied.

2. It is admitted that the Amended Complaint purports to assert a class action claim, but Defendant denies the case can proceed as a class action and denies that Plaintiff has any valid or viable claim under the Maryland Wage and Hour Law ("MWHL") or any other law. Except as otherwise stated, the allegations in Paragraph 2 of the Amended Complaint are denied.

## JURISDICTION AND VENUE

3. It is admitted that the Amended Complaint purports to assert a collective action under the Fair Labor Standards Act ("FLSA"), but Defendant denies the case can proceed as a collective action and denies that Plaintiff has any valid or viable claim under the FLSA or any other law. To the extent that Paragraph 3 of the Amended Complaint asserts propositions of law, no response is required.

4. It is admitted that the Amended Complaint purports to assert a state law claim, but Defendant denies that Plaintiff has any valid or viable claim under the Maryland Wage and Hour Law ("MWHL") or any other law.   To the extent that Paragraph 4 of the Amended Complaint asserts propositions of law, no response is required.

5. It is admitted that Defendant's headquarters and principal place of business is located in Maryland.  To the extent that Paragraph 5 of the Amended Complaint asserts propositions of law, no response is required.

6. It is admitted that Defendant's principal place of business is located in Baltimore County, Maryland and that Defendant conducts business in Maryland.  To the extent that Paragraph 6 of the Amended Complaint asserts propositions of law, no response is required.  Except as otherwise stated, allegations in Paragraph 6 of the Amended Complaint are denied.

## PARTIES

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations concerning Plaintiff's residency.  Except as otherwise stated, the allegations in Paragraph 7 of the Amended Complaint are denied.

8. It is admitted that Plaintiff previously was employed by Defendant. To the extent that Paragraph 8 of the Amended Complaint asserts propositions of law, no response is required.

9. It is admitted that Plaintiff previously was employed by Defendant. To the extent that Paragraph 9 of the Amended Complaint asserts propositions of law, no response is required.

10. The allegations in Paragraph 10 of the Amended Complaint are admitted.

11. It is admitted that Defendant previously employed Plaintiff and that Defendant currently employs other employees. To the extent that Paragraph 11 of the Amended Complaint asserts propositions of law, no response is required.

12. It is admitted that Defendant conducts business in Maryland and in some other states. To the extent that Paragraph 12 of the Amended Complaint asserts propositions of law, no response is required.

13. It is admitted that Defendant's business includes the manufacture and distribution of spices, seasonings, condiments and flavors, and that Defendant's annual gross revenues are in excess of $500,000. To the extent that Paragraph 13 of the Amended Complaint asserts propositions of law, no response is required.

14. The allegations in Paragraph 14 of the Amended Complaint are admitted.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Amended Complaint

**[PUTATIVE] FACTUAL ALLEGATIONS**

16. It is admitted that Defendant manufactures spices and other food products and that it operates a number of manufacturing sites at various locations in the United States. Except as otherwise stated, the allegations in Paragraph 16 of the Amended Complaint are denied.

17. It is admitted that at manufacturing sites there are employees engaged in the manufacturing process, and that at some sites the jobs include one or more of the following positions: production coordinators, technicians, operators, and material handlers. Except as otherwise stated, the allegations in Paragraph 17 of the Amended Complaint are denied.

18. It is admitted that beginning on or about August 22, 2022, Plaintiff was employed at a site located in Hunt Valley, Maryland, and at some point he worked as a production coordinator. Except as otherwise stated, the allegations in Paragraph 18 of the Amended Complaint are denied.

19. The allegations in Paragraph 19 of the Amended Complaint are denied.

20. It is admitted that Plaintiff and some other employees were classified as non-exempt. Except as otherwise stated, the allegations in Paragraph 20 of the Amended Complaint are denied.

21. It is admitted that Plaintiff and some other employees were paid wages on an hourly basis. Except as otherwise stated, the allegations in Paragraph 21 of the Amended Complaint are denied.

22. The allegations in Paragraph 22 of the Amended Complaint are denied.

**([Alleged] Failure to Pay for All Hours Worked)**

23.   The allegations in Paragraph 23 of the Amended Complaint are denied.

24.   The allegations in Paragraph 24 of the Amended Complaint are denied.

25.   The allegations in Paragraph 25 of the Amended Complaint are denied.

26.   The allegations in Paragraph 26 of the Amended Complaint are denied.

27.   The allegations in Paragraph 27 of the Amended Complaint are denied.

28.   The allegations in Paragraph 28 of the Amended Complaint are denied.

29.   The allegations in Paragraph 29 of the Amended Complaint are denied.

**([Alleged]Failure to Pay for Donning Time)**

30. It is admitted that some employees at some sites were required to wear certain personal protective equipment, and that some employees wore one or more of the following: gloves, safety glasses, steel-toed boots, hair net and/or beard net, earplugs.  Some employees also wore uniforms.  Except as otherwise stated, the allegations in Paragraph 30 of the Amended Complaint are denied.

31.  It is admitted that some employees at some sites were required to wear certain personal protective equipment for safety-related reasons.  Except as otherwise stated, the allegations in Paragraph 31 of the Amended Complaint are denied.

32.  It is admitted that some employees at some sites were required to put on and take off certain personal protective equipment at work.  Except as otherwise stated, the allegations in Paragraph 32 of the Amended Complaint are denied.

33. It is admitted that some employees at some sites were required to wear certain personal protective equipment, and that doing so helped promote a more safe and sanitary manufacturing process. Except as otherwise stated, the allegations in Paragraph 33 of the Amended Complaint are denied.

34. It is admitted that some employees at some sites were required to wear certain personal protective equipment. Except as otherwise stated, the allegations in Paragraph 34 of the Amended Complaint are denied.

35. The allegations in Paragraph 35 of the Amended Complaint are denied.

### ([Alleged] Failure to Pay for Sanitizing Hands and Boots)

36. It is admitted that some employees at some sites were required to sanitize their boots by walking through a boot scrubber and wash their hands at a handwashing station. Except as otherwise stated, the allegations in Paragraph 36 of the Amended Complaint are denied.

37. It is admitted that with respect to employees who were required to sanitize their boots and wash their hands at a handwashing station, doing so helped prevent contamination and ensure a safe and sanitary production process. Except as otherwise stated, the allegations in Paragraph 37 of the Amended Complaint are denied.

38. It is admitted that with respect to employees who were required to sanitize their boots and wash their hands at a handwashing station, doing so helped keep the plant floor safe and sanitary, helped keep the food products free of contaminants, and helped promote a safe and sanitary manufacturing process. Except as otherwise stated, the allegations in Paragraph 38 of the Amended Complaint are denied.

39.  It is admitted that some employees at some sites were required to sanitize their boots and wash their hands, and that was required of certain employees.  Except as otherwise stated, the allegations in Paragraph 39 of the Amended Complaint are denied.

40.  The allegations in Paragraph 40 of the Amended Complaint are denied.

### ([Alleged] Failure to Pay for Post-Donning Walk Time)

41.  It is admitted that some employees at some sites were required to wear personal protective equipment, sanitize their boots and wash their hands, and that employees who worked on the manufacturing floor also walked to their assigned area on the manufacturing floor. Except as otherwise stated, the allegations in Paragraph 41 of the Amended Complaint are denied.

42.  The allegations in Paragraph 42 of the Amended Complaint are denied.

### ([Alleged] Failure to Pay for Performing Manufacturing Work)

43.  The allegations in Paragraph 43 of the Amended Complaint are denied.

44.  To the extent Paragraph 44 of the Amended Complaint alleges that employees performed manufacturing work for which they were not paid, the allegations are denied.

45.  The allegations in Paragraph 45 of the Amended Complaint are denied.

### ([Alleged] Failure to Pay for Pre-Doffing Walk Time)

46. It is admitted that some employees at some sites removed certain personal protective equipment in areas off the manufacturing floor, and that when they did so they walked from the manufacturing floor to those areas.  Except as otherwise stated, the allegations in Paragraph 46 of the Amended Complaint are denied.

47.  The allegations in Paragraph 47 of the Amended Complaint are denied.

### ([Alleged] Failure to Pay for Doffing Time)

48.  It is admitted that some employees at some sites removed certain personal protective equipment toward the end of their shift.  Except as otherwise stated, the allegations in Paragraph 48 of the Amended Complaint are denied.

49.  It is admitted that for some employees at some sites who were required to remove certain personal protective equipment before leaving the site, doing so helped keep the manufacturing floor safe and sanitary, helped keep the food products free of contaminants, and helped promote a safe and sanitary manufacturing process.  Except as otherwise stated, the allegations in Paragraph 49 of the Amended Complaint are denied.

50.  It is admitted that for some employees at some sites who were required to remove certain personal protective equipment before leaving the site, doing so was required.   Except as otherwise stated, the allegations in Paragraph 50 of the Amended Complaint are denied.

51.  The allegations in Paragraph 51 of the Amended Complaint are denied.

### ([Alleged] Failure to Pay Overtime Compensation)

52.  The allegations in Paragraph 52 of the Amended Complaint are denied.

53.  The allegations in Paragraph 53 of the Amended Complaint are denied.

### ([Alleged] Defendant Willfully Violated the FLSA)

54.  The allegations in Paragraph 54 of the Amended Complaint are denied.

55.  The allegations in Paragraph 55 of the Amended Complaint are denied.

56.  The allegations in Paragraph 56 of the Amended Complaint are denied.

57.   The allegations in Paragraph 57 of the Amended Complaint are denied.

58.   The allegations in Paragraph 58 of the Amended Complaint are denied.

59.   The allegations in Paragraph 59 of the Amended Complaint are denied.

60.   The allegations in Paragraph 60 of the Amended Complaint are denied.

## FLSA COLLECTIVE ACTION ALLEGATIONS

61.   It is admitted that the Amended Complaint purports to assert a collective action claim under the Fair Labor Standards Act ("FLSA"), but Defendant denies the case can proceed as a collective action and denies that Plaintiff has any valid or viable claim under the FLSA or any other law.  Except as otherwise stated, the allegations in Paragraph 61 of the Amended Complaint are denied.

62.   It is admitted that Plaintiff seeks to represent a putative collective as alleged in Paragraph 62 of the Amended Complaint, but Defendant denies that Plaintiff is representative of other employees, denies that what is described is a valid collective, denies the case can proceed as a collective action, and denies that Plaintiff has any valid or viable claim under the FLSA or any other law.  Except as otherwise stated, the allegations in Paragraph 62 of the Amended Complaint are denied.

63.   The allegations in Paragraph 63 of the Amended Complaint are denied.

64.   The allegations in Paragraph 64 of the Amended Complaint are denied.

65.   The allegations in Paragraph 65 of the Amended Complaint are denied.

66.   The allegations in Paragraph 66 of the Amended Complaint are denied.

**MARYLAND CLASS ACTION ALLEGATIONS**

67. It is admitted that the Amended Complaint purports to assert a class action claim, but Defendant denies the case can proceed as a class action, denies that Paragraph 67 of the Amended Complaint describes a valid class, denies that Plaintiff is representative of other employees, and denies that Plaintiff has any valid or viable claim under the FLSA or any other law. Except as otherwise stated, the allegations in Paragraph 67 of the Amended Complaint are denied.

68. It is admitted that Defendant has more than 100 employees in Maryland. Except as otherwise stated, the allegations in Paragraph 68 of the Amended Complaint are denied.

69. The allegations in Paragraph 69 of the Amended Complaint are denied.

70. The allegations in Paragraph 70 of the Amended Complaint are denied.

71. Defendant is without sufficient knowledge or information regarding the full extent of Plaintiff's counsel's experience handling other cases. Except as otherwise stated, the allegations in Paragraph 71 of the Amended Complaint are denied.

72. The allegations in Paragraph 72 of the Amended Complaint are denied.

73. The allegations in Paragraph 73 of the Amended Complaint are denied.

**COUNT ONE**

**([Alleged] Violations of Fair Labor Standards Act)**

74. Defendant adopts and incorporates its answers set forth in the preceding paragraphs as though fully set forth herein.

75. The allegations in Paragraph 75 of the Amended Complaint are denied.

19

76.  The allegations in Paragraph 76 of the Amended Complaint are denied.

77.  The allegations in Paragraph 77 of the Amended Complaint are denied.

78.  The allegations in Paragraph 78 of the Amended Complaint are denied.

79.  The allegations in Paragraph 79 of the Amended Complaint are denied.

80.  The allegations in Paragraph 80 of the Amended Complaint are denied.

<u>**COUNT TWO**</u>

<u>**([Alleged] Violations of Maryland Wage and Hour Law)**</u>

81.  Defendant adopts and incorporates its answers set forth in the preceding paragraphs as though fully set forth herein.

82.  The allegations in Paragraph 82 of the Amended Complaint are denied.

83.  The allegations in Paragraph 83 of the Amended Complaint are denied.

84.   The allegations in Paragraph 84 of the Amended Complaint are denied.

85.  The allegations in Paragraph 85 of the Amended Complaint are denied.

86.  The allegations in Paragraph 86 of the Amended Complaint are denied.

87.  The allegations in Paragraph 87 of the Amended Complaint are denied.

**RESPONSE TO PRAYER FOR RELIEF**

Defendant denies that Plaintiff or any other person Plaintiff purports to represent is entitled to any of the relief requested in the Amended Complaint, or to any other relief.

**GENERAL DENIAL**

To the extent not expressly admitted herein, the allegations contained in Plaintiff's Amended Complaint are hereby denied.

**RESERVATION OF RIGHTS**

Defendant intends to rely on such other defenses that may become available or apparent during the course of discovery in this case.  Defendant expressly reserves the right to amend this Answer to assert any and all such defenses.

**RESPONSE TO JURY DEMAND**

Defendant objects to Plaintiff's prayer for a jury trial with respect to any claim, issue, or element of relief with respect to which Plaintiff is not entitled to a jury trial as a matter of right.

**CONCLUSION**

WHEREFORE, having answered the First Amended Complaint, Defendant requests that:

a.    Judgment be entered in favor of Defendant;

b.    Plaintiff's First Amended Complaint be dismissed with prejudice;

c.    Defendant be awarded its costs and attorneys' fees incurred in defending this action; and

d.    Defendant be awarded such other and further relief as the Court deems appropriate.

Respectfully submitted,

Dated: March 26, 2026

**JACKSON LEWIS P.C.**

*/s/ Emmett F. McGee, Jr._____*
Emmett F. McGee, Jr. (Bar No. 08462)
Eric Magnus (Pro Hac Vice)
2800 Quarry Lake Drive, Suite 200
Baltimore, Maryland 21209
Tel:    (410) 415-2000
Fax:    (410) 415-2001
Emmett.Mcgee@jacksonlewis.com
Eric.Mangus@jacksonlewis.com

*Attorneys for Defendant,*
*McCormick & Company, Inc.*

22

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 26th day of March, 2026, a copy of the foregoing Answer To Plaintiff's First Amended Complaint was electronically filed and thereby served upon all parties of record.

*/s/ Emmett F. McGee, Jr. _____*
Emmett F. McGee, Jr. (Bar No. 08462)

4917-0654-4013, v. 5